**JAKCO PAINTING CONTRACTORS, and State Compensation Insurance Fund, Petitioners,**

v.

**INDUSTRIAL COMMISSION OF the STATE OF COLORADO, and Dependents of Arthur Charles Wright, Respondents.**

No. 84CA0597.

Colorado Court of Appeals, Div. III.

May 23, 1985.

Richard G. Fisher, Jr., William J. Baum, Kathleen W. Robinson, Denver, for petitioners.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert C. Lehnert, Asst. Atty. Gen., Denver, for respondent Indus. Com'n.

James A. May, Steven U. Mullens, Colorado Springs, for respondent dependents of Arthur Charles Wright.

STERNBERG, Judge.

The petitioners, Jakco Painting Contractors and the State Compensation Insurance Fund, seek review of a final order of the Industrial Commission awarding death benefits to the surviving dependents of Arthur Charles Wright, who committed suicide following an industrial accident. We affirm.

While employed by Jakco, Wright suffered severe facial burns on January 16, 1979, when he was splattered with a caustic solution being used to remove excess paint. Wright underwent a series of surgical treatments following the accident. Testimony was presented at a hearing before the Division of Labor that after the accident Wright became extremely self-conscious, depressed, and prone to fits of rage. Wright's widow testified that shortly before Wright's suicide on September 26, 1982, she fled with her children to a shelter for battered women. Wright threatened suicide if she did not contact him by a certain time, and carried out his threat when she failed to do so.

The hearing officer found that Wright's suicide "was directly related to and proximately caused by the depression and anxiety he suffered as a result" of his industrial accident. The Industrial Commission affirmed the award of death benefits.

We first address the effect of § 8–52–102(1)(c), C.R.S. (1984 Cum.Supp.), which provides that an injured employee or the dependents of a decedent employee are entitled to workmen's compensation benefits:

"Where the injury or death is proximately caused by an injury or occupational disease arising out of and in the course of his employment and *is not intentionally self-inflicted*." (emphasis added)

The petitioners argue that there was no right to compensation to Wright's dependents because the death was intentionally

self-inflicted. On the other hand, the respondents urged that we adopt what appears to be the emerging majority rule in this country and apply the "chain-of-causation" test. *See* 1A A. Larson, *Workmen's Compensation Law* § 36.10 (1978).

Under the latter rule, compensation has been permitted under statutes similar to ours in suicide cases where a compensable injury causes a deranged mental condition which in turn causes the suicide. Thus, for example, in *Saunders v. Texas Employment Insurance Ass'n,* 526 S.W.2d 515 (Tex.1975), the court ruled a suicide is not to be deemed willful or intentional if "the effects of the injury suffered by the deceased result[ed] in his becoming dominated by a derangement of the mind that impair[ed] the ability to resist the impulse to take his own life to the extent that the decedent was in fact unable to control it...."

Recent cases such as *Saunders* have moved away from the earlier rule derived from *In re Sponatski,* 220 Mass. 526, 108 N.E. 466 (1915). Cases following the *Sponatski* rule deny compensation in suicide cases unless the suicide "followed as the direct result of a physical injury and insanity of such violence as to cause the victim to take his own life through an uncontrollable impulse or in a delirium of frenzy without conscious volition to induce death." *Larson, supra,* § 36.10.

■ Considering the beneficent purposes for which the Workmen's Compensation Act was adopted, we conclude that the strict *Sponatski* rule should not be applied; rather, we agree with respondents and adopt the above-described "chain-of-causation" rule. We hold that if a work connected injury causes a deranged mental condition which in turn is a proximate cause of the injured worker's suicide, then the decedent worker's dependents are entitled to compensation.

■ Here, there was testimony by Wright's wife and brother-in-law that Wright underwent a striking personality change following the accident. A treating psychiatrist reported that Wright suffered from "post-traumatic stress disorder with depressive features" arising at least in part from the accident and a pre-existing generalized anxiety disorder. Wright's plastic surgeon reported that Wright experienced an "extreme psychological impact" from his facial scarring, and that during the three years following the accident he became depressed and underwent a "significant change in his personality." This evidence was sufficient to support the hearing officer's findings and conclusions, which were adopted by the Commission, that the suicide was proximately caused by the depression and anxiety Wright suffered as a result of his industrial accident.

■ We also disagree with the petitioners' contention that 8–50–110, C.R.S. (1984 Cum.Supp.) bars the award of benefits in this case. By that statute there is a presumption that death occurring more than two years after an injury is not due to the injury. The evidence as outlined above, and the findings and conclusions of the fact-finder that the suicide was proximately caused by the depression and anxieties suffered as a result of the accident, support the conclusion that the statutory presumption had been overcome.

The order is affirmed.

BERMAN, J., concurs.

PIERCE, J., dissents.

PIERCE, Judge, dissenting.

I disagree with the conclusion reached by the majority, and would set aside the order and remand for additional findings as I do not believe the Commission had sufficient findings before it to counteract an apparent prohibition determined by the General Assembly.

Under § 8–52–102(1)(c), C.R.S. (1984 Cum.Supp.), workmen's compensation benefits are to be awarded to an injured worker or to the heirs of a decedent worker:

"Where the injury or death is proximately caused by an injury or occupational disease arising out of and in the course

of his employment *and is not intentionally self-inflicted.*"

The General Assembly has unequivocally stated that an intentionally self-inflicted injury resulting in death is not compensable, even if there is a nexus between the death and the employment. The wisdom of such policy is for that branch of government to determine.

Here, it was uncontested that Wright's death was self-inflicted and not accidental. However, the hearing officer failed to make any findings concerning whether Wright, in view of his mental disorder, was capable of forming the intent to harm himself. I would remand the case for findings on this issue.