**DEPENDABLE CLEANERS and Colorado Compensation Insurance Authority, Petitioners,**

v.

**Cindy J. VASQUEZ and The Industrial Claim Appeals Office of the State of Colorado, Respondents.**

No. 93CA1557.

Colorado Court of Appeals, Div. III.

Aug. 25, 1994.

Rehearing Denied Sept. 22, 1994.

Douglas A. Thomas, Denver, for petitioners.

Eley & Eley, Sally L. MacLuckie, Curtis M. Fong, Denver, for respondent Cindy J. Vasquez.

No appearance for respondent Indus. Claim Appeals Office.

Opinion by Judge SMITH*.

■ Petitioners, Dependable Cleaners (employer) and its insurer, Colorado Compensation Insurance Authority (CCIA), seek review of a final order of the Industrial Claim Appeals Panel determining that Cindy J. Vasquez (claimant) was entitled to medical benefits for treatment in a psychiatric hospital following a suicide attempt. Because we agree that a suicide attempt that is causally related to an industrial injury is compensable, we affirm.

Claimant sustained an admitted back injury, and the Administrative Law Judge (ALJ) found that claimant became depressed as a result of her frustration in living with the pain, especially when her doctors and husband did not understand its severity. The injury had caused a herniated disc, but this was not discovered until after claimant had attempted suicide. Medical benefits were awarded by the ALJ, and the Panel affirmed.

## I.

Petitioners contend that the Panel erred in determining that § 8–41–301(1)(c), C.R.S. (1993 Cum Supp.), as interpreted by this court, does not prohibit the recovery of compensation for self-inflicted injuries. Under the circumstances, we disagree.

■ Under § 8–41–301(1)(c), one condition for recovery under the Workers' Compensation Act is that the industrial injury or death may not be intentionally self-inflicted. And, a panel of this court has adopted the majority rule that self-inflicted death or suicide is generally an independent nonindustrial, intervening cause which severs the chain of

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1993 Cum.Supp.).

causation necessary for compensability. However, if the industrial injury causes a severe mental condition, which in turn causes an injured worker to commit an act resulting in the workers' death, then such death may still be compensable. *Jakco Painting Contractors v. Industrial Commission,* 702 P.2d 755 (Colo.App.1985).

Petitioners urge us to ignore the chain of causation rule followed by a division of this court in *Jakco* on the ground that it is contrary to § 8–41–301(1)(c) and has been implicitly overruled by both case law and legislative enactments. We decline the invitation.

The effect of § 8–41–301(1)(c) on a suicide claim was adequately addressed in *Jakco.* There, we noted that compensation for suicide has been permitted in other jurisdictions under statutes similar to ours. The reasoning is that the self-destructive act, or suicide, is deemed unintentional if the effects of the industrial injury are the cause of a mental condition of mind sufficient in magnitude to impair the ability to resist suicidal impulses, or to cause an injured worker to commit self-destructive acts without knowingly intending to end his or her life.

Not only is *Jakco* based on a sound interpretation of the § 8–41–301(1)(c), it remains the law in Colorado. Contrary to petitioners' assertion, *Jakco* has not been overruled by either *Travelers Insurance Co. v. Savio,* 706 P.2d 1258 (Colo.1985) or *Triad Painting Co. v. Blair,* 812 P.2d 638 (Colo.1991). The former involved the intentional misconduct of a compensation insurance carrier; the latter merely recognized, in cases of suicide, the general rule that an intentionally self-inflicted injury may constitute an intervening cause sufficient to preclude recovery from a prior industrial accident. Neither case involved a situation in which self-destructive acts were deemed the *unintentional* act of an injured worker.

Nor has *Jakco* been legislatively overruled.

Although the result in *Jakco* was reached, in part, based upon consideration of the "beneficent purposes" for which the Act was adopted, we are not persuaded that subsequent legislative enactments rejecting a liberal construction in favor of the claimant have rendered *Jakco* inapplicable.

The current statute § 8–41–301(1)(c) is identical to that version in effect at the time *Jakco* was announced. The General Assembly is presumed to have been cognizant of our decision in *Jakco* when it recodified the Act in 1990 and retained the identical condition concerning self-inflicted injuries. *See State Engineer v. Castle Meadows, Inc.,* 856 P.2d 496 (Colo.1993). This presumption supports the conclusion that our interpretation of § 8–41–301(1)(c) in *Jakco* has received implicit legislative approval.

Accordingly, we hold that *Jakco* continues to reflect the law of compensability in suicide cases and we are not persuaded that *Jakco* was wrongly decided.

## II.

■ Petitioners also contend that because the ALJ found that claimant's suicide attempt was a "direct appeal" for her husband's attention, the Panel erred in not concluding that marital problems constituted an intervening cause between the industrial injury and the attempted suicide. We perceive no error.

When the ALJ's findings are considered as a whole, it is evident that the intent he found on claimant's part was not to end her life, but rather to obtain relief from the pain proximately caused by the industrial accident. Thus, even though her act might well have ended her life, that was not her intention. Therefore, her self-destructive act was not an intervening cause, and the subsequent expenses and hospitalization were merely one more result of the industrial accident. Since claimant's testimony and the report of her psychologist support these findings, we are bound by them. *See* § 8–43–308, C.R.S. (1993 Cum.Supp.).

## III.

■ We also reject petitioners' final contention that the Panel erred in affirming the ALJ's conclusion that depression, as opposed to severe mental condition, was sufficient to satisfy the chain of causation test. We agree

with the Panel's resolution of this issue and adopt it as our own.

The order of the Panel is affirmed.

PLANK and JONES, JJ., concur.

